Estella Moore
P.O. Box 230155
Montgomery, Alabama [36123]

RECEIVED
2024 OCT 16  P 4: 42

October 15, 2024

United States District Court
For the Middle District of Alabama
Montgomery COUNTY, Alabama

2:24-cv-00648-ECM-CWB

In the matter of:
Estella Moore TTEE,
Estella Simmons Living Trust
**Plaintiff**

v.

CASE NO: _____

M&T Bank, René F. Jones – Chairman and CEO,
Daryl N. Bible – Senior Executive Vice President, Chief Financial Officer,
Laura O'Hara – Senior Executive Vice President, Chief Legal Officer,
Robert J. Bojdak – Senior Executive Vice President, Chief Credit Officer.
Lakeview Loan Servicing – Nicola Santoro, Senior Chief Financial Officer
Ginnie Mae – Sam I. Valverde is the Acting President of Ginnie Mae
Adrianne Todman, Secretary of the U.S. Department of Housing and Urban Development (HUD)
**Defendant**

### BILL IN EQUITY FOR FULL ACCOUNTING

The Plaintiff, Estella Moore, as and for her Bill of Complaint against the Defendant, M&T Bank on behalf of Lakeview Loan Servicing, Secretary of Housing and Development, Adrianne Todman, alleges and states as follows:

Background and Business Relationship: The Plaintiff, Estella Moore, is a spirit present at 116/120 Pine Meadow Circle, Elmore, Alabama, Lot 25, Pine Meadows Subdivision.



RF179449215US

The Defendant, M&T Bank, services the mortgage loan on behalf of Lakeview Loan Servicing. The mortgage loan is also alleged to be owned by Ginnie Mae as well, partnering with Lakeview Loan Servicing. The Plaintiff and Defendants have been engaged in a mortgage servicing relationship concerning the property since 2018.

I. Federal Jurisdiction and Procedural Rules

Jurisdiction: This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), as the parties are citizens of different states, and the amount in controversy exceeds $75,000. Additionally, this Court has jurisdiction under 28 U.S.C. § 1331 due to violations of federal statutes, including the Real Estate Settlement Procedures Act (RESPA), the Truth in Lending Act (TILA), and other relevant federal laws.

Federal Rules of Civil Procedure (FRCP): The Plaintiff brings this claim for equitable relief, specifically seeking a full accounting under Rule 8(a) of the FRCP, which outlines the basic pleading requirements, and Rule 9(b), which requires a heightened pleading standard for claims involving grave concerns. The Plaintiff's claims involve allegations of misrepresentation and violations of federal law related to the mortgage loan's origination and servicing.

II. Conflict of Interest, Fraud, and Non-Disclosure

Conflict of Interest: The Plaintiff has discovered that Nicola Santoro, the Chief Financial Officer (CFO) of Lakeview Loan Servicing and Rithm Capital, holds a conflict of interest by being involved in both the Plaintiff's loan and a close family member's loan without disclosing this relationship. This conflict creates undue influence in favor of the lender, constituting a breach of fiduciary duty, requiring equitable relief in the form of a full accounting and an injunction to stop foreclosure. (See Pepper v. Litton, 308 U.S. 295 (1939), which establishes the need for an accounting in cases of fiduciary breaches.)

Violation of Federal Laws: The Defendant violated RESPA (12 U.S.C. § 2605) and TILA (15 U.S.C. § 1641(g)) by failing to provide proper notice of the transfer of the Plaintiff's

mortgage ownership. Additionally, the lack of proper recording of the mortgage transfer with the local county deed office (failure to file the assignments of Cenlar FSB and M&T Bank) violates both federal law and the public records requirement, creating a cloud on the title. This necessitates a lis pendens to protect the Plaintiff's rights to the property until the full accounting and fraud claims are resolved.

### III. Misrepresentation

Fraud in Origination and Servicing: The Defendant engaged in fraud and misrepresentation in both the origination and servicing of the Plaintiff's mortgage loan by failing to disclose critical loan assignment information and misapplying payments. This fraudulent behavior has caused financial harm and confusion, leading to undue stress and higher insurance rates. As federal law (RESPA, TILA) mandates transparency and proper disclosure, the Defendant's actions clearly violate these regulations, and therefore a full accounting is necessary. (See Ernst & Ernst v. Hochfelder, 425 U.S. 185 (1976), regarding fraud in financial contexts.)

### IV. Undisclosed Partial Mortgage Claim and Notary Concerns

The Plaintiff recently discovered a partial mortgage claim recorded at the local county office, which was never disclosed or discussed with the Plaintiff. The claim includes a notarized document appearing to contain a photocopy of the Plaintiff's signature, which the Plaintiff asserts was neither authorized nor signed by them. The Plaintiff requested debt validation from the Defendants in August 2024, along with a special deposit, but has received no response, further indicating fraudulent actions and the necessity for a full accounting. The failure to respond nullifies any legal basis for continued collection or foreclosure under federal law, and the mortgage should be deemed null and void as a result of these violations.

### V. Demand for Full Disclosure and Documentation

The Plaintiff demands a full accounting of all transactions, assignments, and payments made on the mortgage, including:

A complete ledger showing all debits and credits related to the mortgage;

Proper documentation of any escrow accounts and insurance;

Detailed information on the assignment of the mortgage from the original lender to the current servicer and any third parties involved.

The Plaintiff invokes equity law, which disregards rigid forms and technicalities, and instead focuses on the fairness of the entire transaction (See Courts of Equity and Unclean Hands Doctrine). Due to the fraud, conflict of interest, and federal law violations detailed above, the Plaintiff seeks both equitable remedies and enforcement of federal statutes to achieve a just and fair outcome.

## VI. Injunctive Relief and Lis Pendens

The Plaintiff seeks injunctive relief to stop all foreclosure and collection activities immediately until a full accounting can be completed and the court can determine the validity of the mortgage.

The Plaintiff also requests that a lis pendens be placed on the property located at 1234 Maple St., Springfield, IL, to notify potential buyers or creditors of the pending legal action and to protect the Plaintiff's interest in the property.

## VII. Prayer for Relief

**WHEREFORE,** the Plaintiff requests that the Court: (a) Order a full accounting of the mortgage loan, including all assignments, payments, and escrow activity, to determine the true balance and legal standing of the loan; (b) Declare the mortgage unenforceable due to misrepresentation, and violations of RESPA and TILA; (c) Issue an injunction halting all foreclosure and collection activities until the full accounting is completed; (d) Issue a lis pendens on the property to protect the Plaintiff's rights; (e) Award damages for emotional distress, financial harm, and violations of federal law, as well as any other relief the court deems fair and just under equity law.

## Verification

I verify that the statements made in this Bill of Complaint are true and correct. I understand that false statements herein are made subject to the penalties under Alabama

Perjury Law Codes, including Alabama Code § 13A-10-101, Alabama Code § 13A-10-102, and Alabama Code § 13A-10-103.

Estella Moore

Plaintiff

By: ___*Estelle Moore*___, Trustee w/o Recourse, A.R.R. w/o Prejudice
         on behalf of The Estella Simmons Trust
Estella Moore, Pro Se

In Care of: Post Office Box 230155

Montgomery, Alabama [36025]

Caterpillar36025@gmail.com

Attachments

Certified Mortgage Documents (Certified Copy)

Assignment of Mortgage (Certified Copy)

Home Assessment

Mortgage Documents (Certified Copy)

Newspaper Affidavit (Certified Copy)

Insurance Policy (increase in rates)

Correspondence Record

Certificate of Special Deposit, Assignments

RF 179449 215 US

**NOTARY ACKNOWLEDGMENT**

State of Alabama
County of Elmore

On this 15th day of October, 2024, before me, Emily O Joyce, personally appeared Estella Moore, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Alabama that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Emily O Joyce*

Notary Public for the State of: Alabama

My Commission Expires: August 23, 2025

Notary Seal:

> EMILY O. JOYCE
> My Commission Expires
> August 23, 2025

RF/179449215465