IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ESTELLA MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-648-ECM |
| | ) | [WO] |
| M&T BANK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court are several motions filed by Plaintiff Estella Moore. (Docs. 41, 59, 60, 61, 63). The Plaintiff requests that the Court strike its referral of this case to the United States Magistrate Judge (doc. 41), and she repeatedly argues that the Magistrate Judge lacks authority to enter any orders because she did not consent to the Magistrate Judge conducting any proceedings in this case (docs. 60, 61, 63). Relatedly, she requests that the Court strike Orders entered by the Magistrate Judge on the grounds that she did not consent to the Magistrate Judge, because the Magistrate Judge has exhibited bias, or both. (Docs. 60, 61, 63). She also moves for the recusal of the Magistrate Judge. (Docs. 60, 61, 63). Finally, she requests that the Court strike Defendant Cenlar ("Cenlar") from these proceedings (doc. 59), which the Court construes as an objection to the Magistrate Judge's February 12, 2025 Order (doc. 25) extending the deadline for Cenlar to respond to the complaint.

The Plaintiff's arguments that she did not consent to the Magistrate Judge rest on a misunderstanding of applicable law and the proceedings in this case. On October 17, 2024,

the undersigned United States District Judge referred this case to the United States Magistrate Judge, pursuant to 28 U.S.C. § 636, "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. 6 at 2).  Referrals to the Magistrate Judge pursuant to § 636(b) to determine nondispositive pretrial matters or for recommendations on dispositive pretrial matters do not require the parties' consent. *See Roell v. Withrow*, 538 U.S. 580, 585 (2003) (explaining that 28 U.S.C. § 636(b)(1) allows the district judge to refer to the magistrate judge pretrial, case-dispositive matters for recommendations without the parties' consent, leaving "the district court free to do as it sees fit with the magistrate judge's recommendations"); *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 511–12 (11th Cir. 1990) (explaining that the parties' consent was not required for a district judge to refer a pretrial motion for preliminary injunction to the magistrate judge pursuant to 28 U.S.C. § 636, and rejecting the party's consent argument because the magistrate judge "did not enter judgment in the case, but merely made a recommendation"); *United States v. Varnado*, 447 F. App'x 48, 49–50 (11th Cir. 2011) (per curiam) (explaining that consent is not required for a magistrate judge to take actions under § 636(b)).  Therefore, her arguments (*see* docs. 60, 61, 63) that the Magistrate Judge's Orders are due to be stricken because she did not consent fail, and her motion to strike the Court's referral order (doc. 41) is due to be denied.

Additionally, the Plaintiff's motions to recuse or to strike the Magistrate Judge's prior orders on the grounds that he exhibited bias (*see* docs. 60, 61, 63) are without merit. Recusal is governed by 28 U.S.C. § 455(a), which states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding

2

in which his [or her] impartiality might reasonably be questioned." This provision "embodies an objective standard" for determining whether recusal is warranted. *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). "The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id.* After carefully reviewing the Plaintiff's submissions and the entire record in this case, the Court has little trouble concluding that objective, fully informed observers would not "entertain a significant doubt" about the Magistrate Judge's impartiality. *See id.* While judges must be "and seem to be[] free from bias or prejudice," recusal of a judge is not appropriate when the request is based on "unsupported . . . or highly tenuous speculation." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (per curiam). Consequently, the Plaintiff's motions calling for the recusal of the Magistrate Judge or to strike his orders are due to be denied.

Finally, the Court turns to the Plaintiff's objection (doc. 59) the Magistrate Judge's Order (doc. 25) extending the deadline for Cenlar to respond to the complaint until February 28, 2025. The Plaintiff argues, among other things, that the Magistrate Judge should not have extended Cenlar's response deadline because, according to her, Cenlar had already missed the deadline and Cenlar had not filed a conflict disclosure statement when it moved for an extension (*see* doc. 22 (motion for extension); doc. 24 (notice of deficiency regarding corporate/conflict disclosure statement)). Upon a party's timely objection, a district judge "must modify or set aside any part of" the magistrate judge's order on a nondispositive pretrial matter "that is clearly erroneous or is contrary to law." FED. R. CIV.

3

P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (providing that the district judge "may reconsider any pretrial matter" determined by the magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").  After careful review, the Court concludes that the Magistrate Judge's Order (doc. 25) was neither clearly erroneous nor contrary to law.  Consequently, the Plaintiff's objection is due to be overruled.

    Accordingly, for the reasons stated, and for good cause, it is

    ORDERED that the Plaintiff's objection (doc. 59) is OVERRULED.  It is further

    ORDERED that the Plaintiff's motions (docs. 41, 60, 61, 63) are DENIED.

    DONE this 4th day of September, 2025.

                                      /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE