IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ESTELLA MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:24-cv-648-ECM |
| | )                  [WO] |
| M&T BANK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Plaintiff Estella Moore ("Moore"), proceeding *pro se*, brought this action seeking relief relating to her residential mortgage loan. (Doc. 1). After she filed this action, a foreclosure action against Moore was commenced in the Circuit Court of Elmore County, Alabama, Case No. 29-CV-2024-900398 (the "foreclosure action"). Additionally, on December 23, 2024, Moore filed a separate action in the Circuit Court of Elmore County, seeking to quiet title on the subject real property, Case No. Case No. 29-CV-2024-000118 (the "quiet title action").

On January 17, 2025, Moore filed in this Court a notice of removal of the foreclosure action, which purported to remove and merge the foreclosure action into the already-pending federal action. (Doc. 17). Moore invoked federal question jurisdiction as a basis for removal. (*Id.* at 2). She then filed an amended notice of removal on February 11, 2025. (Doc. 20). And on March 7, 2025, Moore filed in this Court a notice of removal of the quiet title action, which purported to remove and merge the quiet title action into this

pending federal case. (Doc. 48).  Again, Moore removed on the basis of federal question jurisdiction. (*Id.* at 3).

On September 3, 2025, the Magistrate Judge entered a Recommendation (doc. 94) that the removed foreclosure action and quiet title action be remanded to state court.  Moore timely filed objections to the Recommendation. (Doc. 100).  After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Moore's objections, the Court concludes that Moore's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and the foreclosure and quiet title actions are due to be remanded.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the

record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

The Court has carefully reviewed the Magistrate Judge's Recommendation, Moore's objections, and the entire record. Moore purports to bring several specific objections, which the Court addresses below. In her first specific objection, Moore asserts that the "'federal nexus' is present and undeniable," (doc. 100 at 3), which the Court construes as an objection to the Magistrate Judge's conclusion that federal question jurisdiction is lacking. Upon *de novo* review, the Court concludes that neither notice of removal sufficiently invokes the Court's federal question jurisdiction. Therefore, this objection is due to be overruled.

"Objection Two" and "Objection Four" each complains of purported drafting or "characterization" errors in the Recommendation. For example, in Objection Two, Moore states that she was "dragged into" the foreclosure action and is not the plaintiff in that case. Further, in Objection Four, she alleges, for example, that the Recommendation misgendered her. Upon *de novo* review, the Court finds that any alleged errors identified in Objections Two and Four do not impact the outcome in this case.[2] Consequently, these objections are due to be overruled.

"Objection Three" is insufficiently specific to warrant *de novo* review. (*See* doc. 100 at 4). And the remainder of Moore's "objections" are little more than nonsensical

---

[1] Here, and elsewhere in this Court, the Court cites nonbinding authority. While the Court recognizes that these cases are nonprecedential, the Court finds them persuasive.

[2] Additionally, the Court was unable to locate any instance in the Recommendation where Moore was misgendered.

3

sovereign-citizen-type arguments which do not warrant further discussion. *See Mun. of Dothan v. Hammond*, 2024 WL 3507305, at *2 n.3 (M.D. Ala. June 28, 2024) ("Sovereign-citizen-type arguments may be ignored without discussion."), *report and recommendation adopted*, 2024 WL 3503120 (M.D. Ala. July 22, 2024).  In any event, the objections are insufficiently specific to trigger *de novo* review.  The Court discerns no clear error in the Recommendation; thus, Moore's objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. Moore's objections (doc. 100) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 94) is ADOPTED;

3. The foreclosure and quiet title actions, Case Nos. 29-CV-2024-900398 and 29-CV-2024-000118 (*see* docs. 17, 20, 48), are REMANDED to the Circuit Court of Elmore County, Alabama;

4. The Clerk of the Court is DIRECTED to take all steps necessary to effectuate the remand of the foreclosure and quiet title actions to the Circuit Court of Elmore County, Alabama;

5. The motion to remand (doc. 19) is DENIED as moot;

6. This remainder of this case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 19th day of September, 2025.

                                         /s/ Emily C. Marks  
                                  EMILY C. MARKS  
                                  CHIEF UNITED STATES DISTRICT JUDGE